IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ATHENS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| v. | ) |
| | ) CASE NO. 3:22-cr-14 (MTT) |
| ANDREA PAIGE BROWNER, | ) |
| | ) |
| Defendant. | ) |
| | ) |

### ORDER

A jury found defendant Andrea Browner guilty of causing the death of another through the use of a firearm in violation of 18 U.S.C. § 924(j)(1), but acquitted her of carrying, using, or discharging a firearm during and in relation to a crime of violence in violation of 18 U.S.C. § 924(c)(1)(A)(iii).  Doc. 343.  Browner, proceeding pro se, challenges her § 924(j)(1) conviction on the grounds that it is inconsistent with her acquittal on the § 924(c)(1)(A)(iii) charge.  Docs. 350 at 2; 351 at 1, 3-4; 370 at 28:5-8; 372 at 3.  The Court construes Browner's objections as a motion for acquittal under Federal Rule of Criminal Procedure 29 and as a motion for a new trial under Federal Rule of Criminal Procedure 33.[1]  For the following reasons, those motions are **DENIED**.

### I. BACKGROUND

Browner and her codefendants were associated with the Gangster Disciples organization.  Doc. 220 at 8-20.  Based on her participation in criminal activity, which included the murder of Rodriguez Rucker, Browner was indicted on four counts: Count One, Racketeer Influenced and Corrupt Organizations Act ("RICO") Conspiracy, in

---

[1] Browner has also moved for a new trial on other grounds.  Docs. 350; 351.  This order does not address those arguments.

violation of 18 U.S.C. § 1962(d); Count Two, Violent Crime in Aid of Racketeering (Murder) in violation of 18 U.S.C. § 1959(a)(1); Count Three, Carry, Use, and Discharge of a Firearm During and in Relation to a Crime of Violence in violation of 18 U.S.C. § 924(c)(1)(A)(iii); and Count Four, Causing the Death of a Person Through Use of a Firearm in violation of 18 U.S.C. § 924(j)(1).[2]  *Id*. at 8-23.  Counts Three and Four were based on Browner's involvement in Rucker's murder.  *Id*. at 22-23.  Specifically, the Government contended Browner aided and abetted codefendant Philmon Chambers in killing Rucker.  *Id*.  The Court held a jury trial from July 31, 2023 to August 17, 2023.  Browner was convicted on Counts One, Two, and Four, and acquitted on Count Three. Doc. 343.

**A. The Evolution of Relevant Jury Instructions**

In its first proposed jury instruction for Count Four, the Government, in relevant part, proposed: "in order to find the defendant[s] guilty of a violation of section 924(j), you must first find the defendants guilty of the section 924(c) violation charged in Count 3 of the Superseding Indictment."  Doc. 266 at 33.  The Government then amended the proposed instruction as follows:

> If you find the Defendant not guilty of violating Section 924(c), as charged in Count 3, you should not consider Count 4.  If you find the Defendant guilty of Count 3, you must then, and only then, proceed to a determination of whether the Defendant is also guilty of violating Section 924(j).

Doc. 280 at 19.  At the charge conference, the Government again changed its position, stating that it was not certain its proposed instruction for Count Four—specifically

---

[2] Philmon Chambers was also indicted on each count.  Docs. 1; 220.  Lesley Green, Robert Carlisle, and Shabazz Guidry were indicted only on Count One.  Docs. 1; 220.  Carlisle and Guidry pled guilty prior to trial.  Docs. 162; 209.  Chambers was convicted on all counts and Green was convicted on Count One. Doc. 343.

regarding the relationship between Counts Three and Four—was correct.  Doc. 368 at 248:21-249:9.  The Court granted the Government's request to research the issue further.  *Id*. at 249:10-11.  In the end, the Government decided a Count Four conviction was not dependent on a Count Three conviction.  The Court agreed.  Doc. 369 at 4:9-13

The Court charged the jury on August 16, 2023.  Docs. 335 at 2; 369 at 145:25-179:19.  As to Count Three, the Court charged, in relevant part:

> A Defendant can be found guilty of this crime [18 U.S.C. § 924(c)(1)(A)(iii)] only if the following facts are proved beyond a reasonable doubt:
>
> > (1) that the Defendant committed the violent crime charged in Count 2 of the Superseding Indictment; and
> >
> > (2) that during and in relation to that crime, the Defendant knowingly used and/or carried a firearm, as charged in the Superseding Indictment.

Doc. 337 at 18.  As to Count Four, the Court charged, in relevant part:

> In Count 4 of the Superseding Indictment, defendants Chambers and Browner are charged with this crime as it relates to the use of a firearm as charged in Count 3 of the Superseding Indictment.
>
> *If you find a Defendant guilty of Count 3, you must then proceed to a determination of whether that Defendant is also guilty of violating Section 924(j)*,[3] which makes it a separate crime to violate Section 924(c) and, in the course of that offense, to cause the death of a person (here, Rodriguez Rucker) through the use of a firearm, if the death of that person would constitute murder pursuant to another federal statute, Section 1111.
>
> …
>
> A defendant can be found guilty of violating Section 924(j) only if the following facts are proven beyond a reasonable doubt:
>
> > (1) The defendant, or someone he or she aided and abetted, caused the death of a person, as charged in the Superseding Indictment, through the use of a firearm; and

---

[3] The emphasized clause, which is addressed below, is holdover language from the Government's proposed charges that neither the parties nor the Court flagged prior to charging the jury.  Docs. 266 at 33; 280 at 19.

>   (2) That the death occurred as a consequence of and while the
>   defendant, or another individual aided and abetted by the
>   defendant, was knowingly and willfully engaged in perpetrating the
>   crime of violence charged in Count 2.

*Id*. at 20-21 (emphasis added).  Browner did not file proposed instructions and made no objections to the instructions prior to jury deliberations.

## B. The Verdict Form

The verdict form evolved in the same manner as the jury instructions.  Docs. 267 at 6; 281 at 8; 369 at 4:9-13.  The final verdict form directed the jurors to proceed to Count Four even if they found a defendant "Not Guilty" on Count Three.  Doc. 343 at 5-6.  Browner did not file a proposed verdict form and made no objections to the verdict form prior to jury deliberations.

## C. The Verdict

The jury began deliberations on August 17, 2023.  Docs. 336; 369 at 180:5.  During deliberations, the jury had four questions.  Doc. 342.  Questions three and four are relevant here.

### 1. Question Three

The jury's third question had three parts:

(1) Are there any certain counts that have to be the same answer?

(2) Do certain counts have to agree with one another?

(3) Do any counts depend on the answer of others?

*Id*. at 4.  During discussions regarding this question, Browner asked: "how could the death of a person caused through a firearm be applicable if they are found not guilty of even using or aiding and abetting in the use of that firearm?"  Doc. 370 at 17:11-14.

The Court responded that if there was a possible inconsistency in the verdict, the Court would allow the parties to address it.  *Id*. at 18:4-13.  Then, with the consent of the parties, the Court answered "no" to each question.  Docs. 342 at 4; 370 at 18:9-21.

    *2. Question Four*

Question four was written on a page from the Court's charge upon which the jury highlighted and underlined the following language relevant to its question:

> If you find a Defendant guilty of Count 3, you must then proceed to a determination of whether that Defendant is also guilty of violating Section 924(j), which makes it a separate crime to violate Section 924(c) and, in the course of that offense, to cause the death of a person (here, Rodriguez Rucker) through the use of a firearm, if the death of that person would constitute murder pursuant to another federal statute, Section 1111.

Doc. 342 at 5 (alterations in original).  The jury astutely caught the Court's and the parties' mistake—the highlighted language should have been modified once the Government concluded, and the Court agreed, that the jurors could consider Count Four regardless of their resolution of Count Three.  This fragment prompted the jury's question: "We interpret this as … move on to count 4 *if* a defendant is guilty in count 3?"  *Id*. (alterations in original).  The Court, with the consent of the parties, answered: "You should proceed to Count 4 regardless."  *Id*.; Doc. 370 at 19:4-21:19.

The jury returned a verdict convicting Browner of Counts One, Two, and Four and acquitting her of Count Three.  Doc. 343.  After the jury was dismissed, Browner referenced her earlier comments regarding the third jury question and addressed the Court: "if [the jury] find[s] a defendant not guilty of Count Three, how could it possibly be found guilty of Count Four[?]"  Doc. 370 at 28:6-8.  The Court ordered the parties to brief whether there was an issue with her Count Four conviction.  Doc. 370 at 28:9-14.

## II. DISCUSSION

The Court construes Browner's comments after the reading of the verdict to be an objection to the Court's instructions to the jury to consider Counts Three and Four separately, as well as a challenge to the jury's verdict based on inconsistency. For the following reasons, the Court's instructions were not erroneous and the guilty verdict as to Count Four stands.

### A. Validity of the Verdict

The jury found Browner committed a § 924(j)(1) offense, but not a § 924(c) offense. Although Browner focuses on jury confusion, the overarching question is whether a defendant who has been acquitted of § 924(c)(1)(A)(iii) can be convicted of § 924(j)(1). Initially, the government took the position that the answer was no. Docs. 266 at 33; 280 at 19. At the charge conference, and after "further research," the Government took the position that the two offenses were independent of each other. The Government's final position was correct. Sections 924(c) and 924(j) define separate and distinct offenses. *United States v. Julian*, 633 F.3d 1250, 1254 (11th Cir. 2011). Section 924(c)(1)(A)(iii) makes it a crime to use, carry, possess, and discharge a firearm during and in relation to any crime of violence. Section 924(j)(1) makes it a crime to, "in the course of a violation of subsection (c), cause[] the death of a person through the use of a firearm."

The reference to "subsection (c)" in § 924(j) does not make § 924(j) dependent, in any way, on § 924(c). For example, in *Lora v. United States*, the Supreme Court considered whether § 924(c)'s bar on concurrent sentences extends to a sentence imposed under § 924(j). 599 U.S. 453 (2023). In holding that it does not, the Court

stated that Congress did not "incorporate[] Section 924(c) *as a whole* into Section 924(j)." *Id*. at 459 (emphasis supplied). Rather, § 924(c)'s *only* role in § 924(j) is to provide a definition for "in the course of a violation of subsection (c)"—"subsection (j)'s only reference to subsection (c) is limited to offense elements." *Id*. at 458-59 ("[T]hat is where subsection (c)'s role in subsection (j) stops."). The Court further noted that Congress rejected a version of § 924(c) that incorporated § 924(j), and instead "enacted a different version of that crime bill—which created subsection (j)." *Id*. at 463 n.6.

In short, § 924(c) and § 924(j) define separate and distinct offenses. Accordingly, a defendant can be found guilty under § 924(j)(1) even if acquitted of a § 924(c) offense, and it would have been erroneous to instruct the jury otherwise.

*1. The jury was correctly instructed and the jurors understood they were to consider Counts Three and Four independently.*

The jury was instructed that they were to consider each count separately and that no count turned on the disposition of another. Doc. 337 at 22 ("You must consider each crime and the evidence relating to it separately … If you find a Defendant guilty of one crime, that must not affect your verdict for any other crime or any other Defendant."). The verdict form was consistent with the Court's instructions: "If you find Defendant [Philmon Chambers/Andrea Browner] not guilty of Count Three, proceed to Count Four." Doc. 343 at 5-6.

The jurors' questions and the Court's responses to those questions made clear they understood this and that, specifically, they were to address Count Four regardless of their verdict on Count Three. Doc. 342 at 4-5. The jury first asked if any counts had

to have the same answers, whether any counts had to agree with others, and whether any counts depended on other counts.  Doc. 342 at 4.  The Court answered "no".  *Id*.

The jury then noted the fragment from a previous iteration of the charge that *could* have suggested they should consider Count Four only if they found a defendant guilty of Count Three.  *Id*. at 5.  Thus, they questioned: "We interpret this as … move to count 4 <u>if</u> a defendant is guilty in count 3?"  *Id*. (alterations in original).  The Court answered, "you should proceed to Count 4 regardless."  Doc. 342 at 5.

In sum, the Court's instructions, the jury's questions and the Court's responses to those questions, and the verdict form made clear that the jurors must consider Count Three and Count Four separately.  The jury's verdict made clear they understood this.

**B. Inconsistency**

In any event, the Court is prohibited from inquiring into a jury's allegedly inconsistent verdict based on perceived confusion.

The Supreme Court has held that because juries have an "unreviewable power" to return an irreconcilable verdict, "[i]nconsistency in a verdict is not a sufficient reason for setting it aside."  *Harris v. Rivera*, 454 U.S. 339, 345-46 (1981); *United States v. Powell*, 469 U.S. 57, 69 (1984) (holding that jury verdicts are "insulate[d]" from review based on inconsistency); *Dunn v. United States*, 284 U.S. 390, 393 (1932) (quoting *Steckler v. United States*, 7 F.2d 59, 60 (2d. Cir. 1925)) ("'The most that can be said in such cases is that the verdict shows that either in the acquittal or the conviction the jury did not speak their real conclusions, but that does not show that they were not convinced of the defendant's guilt.  We interpret the acquittal as no more than their assumption of a power which they had no right to exercise, but to which they were

disposed through lenity.'"), *abrogated on other grounds by Powell*, 469 U.S. 57; *Bravo-Fernandez v. United States*, 580 U.S. 5, 13 (2016) ("Although it is impossible to discern which verdict the jurors arrived at rationally … 'that does not show that they were not convinced of the defendant's guilt.'") (quoting *Powell*, 469 U.S. at 64-65); *see also United States v. Albury*, 782 F.3d 1285, 1295 (11th Cir. 2015); *United States v. Mitchell*, 146 F.3d 1338, 1344 (11th Cir. 1998) (quoting *Powell*, 469 U.S. at 68-69) ("The Supreme Court has plainly determined that jury verdicts are 'insulate[d] from review' on the ground that they are inconsistent.").

"[I]nconsistent verdicts … should not necessarily be interpreted as a windfall to the Government at the defendant's expense. It is equally possible that the jury, convinced of guilt, properly reached its conclusion on the [convicted] offense, and then through mistake, compromise, or lenity, arrived at an inconsistent conclusion on the [acquitted] offense." *Powell*, 469 U.S. at 65. "Inconsistent verdicts … present a situation where 'error,' in the sense that the jury has not followed the court's instructions, most certainly has occurred, but it is unclear whose ox has been gored. Given this uncertainty, and the fact that the Government is precluded from challenging the acquittal, it is hardly satisfactory to allow the defendant to receive a new trial on the conviction as a matter of course." *Id*. Thus, "[e]ven where conviction on one count and acquittal on another count is a logical impossibility, the conviction will stand, unless it was otherwise obtained in error." *United States v. Schlaen*, 300 F.3d 1313, 1317 (11th Cir. 2002).

Here, it may be logically inconsistent to find that Browner aided and abetted Chambers in causing Rucker's death through the use of a firearm in the course of a

§ 924(c) violation, and then, in the same vein, find she did not carry and use that firearm during and in relation to his murder in violation of § 924(c).  Even so, the Court is without the authority to review the jury's verdict on this basis.

Moreover, in *Powell*, the jury found the defendant guilty of a compound offense and not guilty of the predicate offense, and the Supreme Court stated the "problem" in inconsistent verdicts "is not altered when the trial judge instructs the jury that it must find the defendant guilty of the predicate offense to convict on the compound offense.  Although such an instruction might indicate that the counts are no longer independent, if inconsistent verdicts are nevertheless reached those verdicts still are likely to be the result of mistake, or lenity" and are therefore "insulate[d]" from review.  469 U.S. at 68-69.  Again, the Court instructed the jury that Counts Three and Four were independent of one another.  But even if the jury perceived the language in the charge for Count Four as an indication "that the counts are no longer independent," *Powell* holds that the Court lacks the authority to speculate over whether the verdict was the outcome of inconsistency or jury confusion.[4]

### III. CONCLUSION

Accordingly, Browner's motions for acquittal and a new trial based on alleged jury confusion and inconsistency are **DENIED**.  Her conviction on Count Four stands.

**SO ORDERED**, this 29th day of November, 2023.

S/ Marc T. Treadwell
MARC T. TREADWELL, CHIEF JUDGE
UNITED STATES DISTRICT COURT

---

[4] The Court will address the sufficiency of the evidence, a basis for Browner's motion for a new trial (Doc. 351), at a later date.  *See United States v. Alvarado-Linares*, 698 F. App'x 969, 977 (11th Cir. 2017) ("Regardless, what matters is not the presence of an arguable inconsistency; what matters is the sufficiency of the evidence to support the *actual count of conviction*.") (emphasis supplied).