# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# ATHENS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| | : | |
| v. | : | Case No. 3:22-cr-14-MTT-CHW |
| | : | |
| ANDREA PAIGE BROWNER, | : | |
| | : | |
| Defendant. | : | |
| | : | |

## ORDER

Defendant Andrea Paige Browner has filed a request for the Court to mail her copies of approximately 41 documents from the docket of this case, including the trial transcripts. (Doc. 524). She indicates that these documents "are needed in filing a 2255 and possibly a 2241." (*Id.*, p. 2). Currently, Defendant has no motion for post-conviction relief before the Court. Her appeal was dismissed by the Court of Appeals for the Eleventh Circuit on September 16, 2024. (Doc. 518).

Defendant is not entitled to free copies of documents or transcripts at this time. *See United States v. Hernandez*, 431 Fed. App'x 813, 813 (11th Cir. 2011) (finding that the district court properly denied "a federal prisoner's transcript request where the appellant had no appeal pending and had not moved to vacate his sentence under § 2255."); *Walker v. United States*, 424 F.2d 278, 279 (5th Cir. 1970)[1] (concluding that "only where a [habeas] petitioner . . . has been granted leave to proceed in forma pauperis and his application is pending before the court is that petitioner entitled to be furnished copies of court records without costs."). A defendant, post-conviction, "is not entitled to obtain copies of court records at the government's expense to search for possible

---

[1] Fifth Circuit decisions "handed down by that court prior to the close of business on [September 30, 1981], shall be binding as precedent in the Eleventh Circuit[.]" *Bonner v. City of Prichard, Ala.*, 661 F.2d 1206, 1207 (11th Cir. 1981).

defects merely because [she] is an indigent." *United States v. Adamson*, 681 Fed. App'x 824, 826 (11th Cir. 2017) (quoting *United States v. Herrera*, 474 F.2d 1049, 1049 (5th Cir. 1973). Once Defendant has filed a Section 2255 motion, the Court would have discretion to provide transcripts if the Court "certifies that the suit or appeal is not frivolous and that the transcript is needed to decide the issue presented by the suit or appeal." 28 U.S.C. § 753(f).

Defendant has indicated that she is aware of the requirement to pay for the documents, but she asks the Court to "add the court fee for the requested documents to my current FRP payment at Hazelton SFF." (Doc. 524, p. 2). The Court will not provide documents on credit.  Payment must be made up front. The documents Defendant requests, which include the transcripts of a three-week trial, amount to thousands of pages. Copies are available at the cost of $.50 per page.

To the extent that she requests free copies of the specified documents or to receive the documents on credit, Defendant's motion (Doc. 524) is **DENIED**.

**SO ORDERED**, this 4th day of February, 2025.

                                                           s/ Charles H. Weigle
                                                           Charles H. Weigle
                                                           United States Magistrate Judge