**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF GEORGIA**
**ATHENS DIVISION**

| | | |
|---|---|---|
| **ANDREA PAIGE BROWNER** | : | |
| | : | |
| **Movant,** | : | |
| | : | |
| **v.** | : | **Case No. 3:22-cr-14-MTT-CHW** |
| | : | |
| **UNITED STATES OF AMERICA,** | : | |
| | : | |
| **Respondent.** | : | |
| | : | |

**<u>ORDER</u>**

Movant Andrea Paige Browner has filed a "motion to receive legal documents." (Doc. 558). A previous request (Doc. 524) was denied because she did not have any post-conviction matters pending before the Court and her appeal had been dismissed. (Doc. 525 ) She has since filed a § 2255 motion (Doc. 546), an amended § 2255 motion (Doc. 553), and a motion for equitable tolling. (Doc. 547).  The Government has responded to the motion, arguing that Movant's motion is barred by the statute of limitations and that her claims are procedurally defaulted. (Doc. 554). In the alternative, the Government argues that Movant's claims are without merit.

In her current requests for documents, Movant requests all trial transcripts, post-trial transcripts, and other miscellaneous filings. *See* (Doc. 524) (requesting Docs. 357-370, 371, 417, 442, 465, 466, 469, 479, 487, 513, 524, 525).

Now that Movant has a filed § 2255 motion, her request is ripe for consideration under 28 U.S.C. § 753, which authorizes "free transcripts for indigent defendants 'in criminal proceedings,' 'in habeas corpus proceedings,' or when pursuing a non-frivolous appeal." *United States v. Bennett*, 2024 WL 3673721, (M.D. Fla. Aug. 6, 2024). However, Movant does not have an absolute right to a free transcript. She must show that her § 2255 motion is not frivolous and a transcript is

needed to decide the issues she has raised. *See U.S. v. MacCollum*, 426 U.S. 317, 325-326 (1976) (*citing* 28 U.S.C. § 753(f)). Having preliminarily reviewed Movant's post-conviction motions, the Court cannot say that a transcript or the other requested documents are needed to decide the issues before the Court at this time. Movant does not require these documents to argue why her petition should be entitled to equitable tolling or why her grounds should not deemed to be procedurally defaulted, both of which are threshold issues that Movant must overcome before the Court can consider the merits of the grounds raised in § 2255 motion. As such, Movant has not demonstrated that the requested documents are required to decide these issues.

As she did her in previous motion (Doc. 524), Movant has indicated that she is not requesting these documents at Government expense but instead asks "that the Court bill the cost for these documents to my FRP payment as [she] cannot afford to pay the fee for these copies up front." (Doc. 558, p. 3). At over 3000 pages, fulfilling Movant's request on credit would entail great expense. The Court will not provide documents on credit, and payment must be made up front.

Based on the foregoing, Movant Browner's "motion to receive legal documents" (Doc. 558) is **DENIED**, without prejudice to her right to refile a motion for indigent documents in the event the Government's motion to dismiss is denied.

**SO ORDERED**, this 9th day of June, 2026.

s/ Charles H. Weigle
Charles H. Weigle
United States Magistrate Judge